UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SONNY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00387-JPH-MJD |
| | ) | |
| MARK SMITH, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING THE COMPLAINT**

Sonny Davis is a prisoner at Wabash Valley Correctional Facility. He brings this lawsuit alleging excessive force, unconstitutional conditions of confinement, and retaliation. Because Mr. Davis is a prisoner, the Court must screen his complaint before directing service on the defendants.

**I. SCREENING STANDARD**

The Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c). The Court applies the same standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. THE COMPLAINT

The complaint names Sgt. Mark Smith, Officer Mark Smith, and Christopher MacLaren as defendants. Mr. Davis seeks injunctive relief and compensatory and punitive damages. The complaint makes the following allegations:

On September 9, 2021, the day after Mr. Davis had an injunction hearing, "Sgt. Smith choked [Mr. Davis] while banging his head into the wall." Dkt. 1 at 3. Sgt. Smith's son told Mr. Davis that he was "barking up the wrong tree" and that he would "see to it that [Mr. Davis] would suffer for what [he] was doing." Dkt. 1, p. 4.

On October 8, 2021, Officer Smith was working as the officer in charge. Although it was Sgt. Smith's day off, he came to work that day anyway. Mr. Davis alleges that "there was a razor placed in [his] food." *Id.*

On an unspecified date, Mr. MacLaren entered Mr. Davis' cell and removed his mattress and legal paperwork. Later, a "bogus" conduct report was written "in an attempt to justify the removal of [his] mattress." *Id.*

## III. DISCUSSION

Mr. Davis' Eighth Amendment claim **shall proceed** against Sgt. Smith based on the allegation that he choked Mr. Davis while banging his head into a wall. His Eighth Amendment claims **shall proceed** against Sgt. Smith and Officer Smith based on the allegation that they placed a razor blade in his food. His First Amendment retaliation claims **shall proceed** against Sgt. Smith and Officer Smith based on the allegation that they engaged in this conduct to punish Mr. Davis for filing lawsuits.

All other claims are **dismissed**.

The complaint does not create a reasonable inference that the confiscation of Mr. Davis' mattress or legal papers violated his constitutional rights. Temporary hardships do not generally amount to cruel and unusual punishment under the Eighth Amendment. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) (citing *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (deciding that temporary neglect of a prisoner's hygienic needs did not violate the Eighth Amendment)). The complaint does not state that Mr. Davis' mattress was seized for a prolonged period or that he was forced to sleep on the floor. Nor does the complaint allege that the confiscation of Mr. Davis' legal papers caused him to suffer an actual injury, *i.e.*, that prison officials interfered with his legal papers *and* that this interference actually prejudiced him in a pending lawsuit. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) ("the mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction [or] sentence . . . has this right been denied.").

Mr. Davis alleges that he received a "bogus" conduct report in retaliation for submitting a grievance after his mattress and legal papers were removed. But he has not alleged that any of the defendants were personally involved in the decision to initiate these disciplinary proceedings. "Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (cleaned up)

This summary includes all viable claims identified by the Court. If Mr. Davis believes his complaint states additional legal claims, he has through **March 25, 2022**, to identify those claims.

3

## IV. CONCLUSION

Mr. Davis' First Amendment and Eighth Amendment claims **shall proceed** against Sgt. Mark Smith and Officer Mark Smith. All other claims are **dismissed**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sgt. Mark Smith and Officer Mark Smith in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

The **clerk is directed** to change Mr. Davis' mailing address on the docket to the address listed in the distribution of this Order.

**SO ORDERED**.

Date: 3/2/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SONNY DAVIS
128888
WABASH VALLEY CORRECTIONAL FACILITY
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Electronic Service to the following IDOC defendant at Wabash Valley Correctional Facility

    Sgt. Mark Smith
    Officer Mark Smith